In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-19-00201-CR

**LEON RANDOLPH FOOTS JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 19-06-07664-CR**

**MEMORANDUM OPINION**

A grand jury indicted Appellant Leon Randolph Foots Jr. ("Appellant" or "Foots") for continuous sexual abuse of a child, with an enhancement allegation for a prior felony conviction. *See* Tex. Penal Code Ann. §§ 21.02(b). Appellant pleaded "not guilty," and a jury found him guilty of the lesser-included offense of aggravated sexual assault of a child. *See id.* § 22.021(a)(1)(B); Tex. Code Crim. Proc. Ann. arts. 37.08, 37.09. Appellant pleaded "true" to the enhancement paragraph, and the jury

assessed punishment at fifty years of confinement, and Appellant filed a notice of appeal.

On appeal, Appellant's court-appointed attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, he concluded that the appeal lacks merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Foots to file a pro se brief and Foots filed no response.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new

counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

                                           _____
                                              LEANNE JOHNSON
                                                  Justice

Submitted on January 21, 2020
Opinion Delivered February 12, 2020
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[1] Foots may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.